OPINION
Defendant-appellant Nick Marinacci appeals the January 13, 2000 Judgment Entry of the Lancaster Municipal Court, which convicted and sentenced him on one count of operating a motor vehicle with a prohibited breath-alcohol concentration, in violation of R.C. 4511.19(A)(3), after appellant entered a plea of no contest to that charge. Plaintiff-appellee is the State of Ohio. STATEMENT OF THE FACTS AND CASE During the early morning hours of November 1, 1998, Trooper Cvetan of the Ohio State Highway Patrol stopped appellant's vehicle after observing the vehicle go left of center on three occasions. Appellant was ultimately charged with one count of operating a motor vehicle while under the influence, in violation of R.C. 4511.19(A)(1); one count of operating a motor vehicle with a prohibited breath-alcohol concentration, in violation of R.C.4511.19(A)(3); and one count of traveling left of center, in violation of R.C. 4511.25. At his arraignment on November 4, 1998, appellant entered pleas of not guilty to all the charges. Appellant filed a timely Motion to Suppress/Motion in Limine on December 9, 1998, alleging Trooper Cvetan lacked specific and articulable facts to justify the stop of appellant's vehicle, and the trooper lacked probable cause to arrest appellant. In addition, appellant asserted the State failed to comply with the mandates of Ohio Adm. Code Chapter 3701-53 in the administration of appellant's breath-alcohol test. The trial court scheduled a hearing on the motion for April 26, 1999. After the presentation of evidence, the trial court, on the record, overruled appellant's motion to suppress. The trial court found the officer's stop of appellant was appropriate, the officer had probable cause to arrest appellant, and the officer either literally or substantially complied with OAC 3701-53-01. The trial court did not journalize its oral ruling. On May 17, 1999, the State entered a Nolle Prosequi of the R.C. 4511.19(A)(1) and 4511.25 charges, noting the dismissal was without prejudice and subject to refiling if the (A)(3) conviction was overturned. Appellant thereafter withdrew his not guilty plea and entered a no contest plea on the R.C. 4511.19(A)(3) charge. The trial court found appellant guilty and sentenced him accordingly. The conviction and sentence were memorialized via Journal Entry-Sentence of Court filed May 17, 1999. Appellant filed a timely Notice of Appeal to this Court. Via Judgment Entry and Memorandum-Opinion filed November 3, 1999, this Court vacated and remanded the case "to the trial court to state the essential facts underlying its decision." State v. Marinacci (Nov. 3, 1999), Fairfield App. No. 99CA0037, unreported at 4. Upon remand, the trial court scheduled the matter for trial on December 29, 1999. Via Decision and Journal Entry filed December 3, 1999, the trial court set forth "the essential findings on the record of factual issues" as follows: 1. The Trooper had a right to stop the vehicle driven by the Defendant because the Defendant violated a traffic law to-wit: "left of center" per 4511.25, ORC;
2. Based upon Defendant's erratic driving (3 left of centers in 3/4 mile), admission of consumption of alcoholic beverages, smelling of an alcoholic beverage, exhibiting 6 clues on the HGN, and failing the one leg stand and walk and turn field sobriety tests, the Trooper had probable cause to arrest the Defendant for DUI;
3. Regarding the factual issue of whether or not the Defendant chewed gum within the 20 minute observation period prior to testing, the Court determined that the Defendant did not chew gum during this period for the following reasons:
 A. The Defendant's testimony in general was suspect. For instance, the Defendant when demonstrating the field sobriety tests he was asked to perform at night on the side of the road in November, did a better job of performing them at the scene of his arrest than he did in the courtroom;
 B. The Defendant's wife of nearly 40 years who was in the patrol car and at the patrol post with the Defendant said she did not see him chewing gum;
 C. The Defendant demonstrated his "chewing technique" in Court with a fresh one-half stick of gum and its odor was obvious when he first started chewing. The trooper's vehicle was substantially smaller than the courtroom;
 D. Trooper Cvetan both testified and documented that he observed the Defendant for more than 20 minutes prior to testing to prevent oral intake of any material and per his training and experience he observed nothing to indicate that the Defendant was chewing gum.
December 3, 1999 Decision and Journal Entry at 1-2, unpaginated.
Appellant entered a no contest plea on January 13, 2000. The trial court found appellant guilty and sentenced him accordingly. Via Journal Entry-Sentence of Court filed January 13, 2000, the trial court memorialized the conviction and sentence. It is from the conviction and sentence appellant appeals, raising the following assignments of error:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DETERMINING THAT PROBABLE CAUSE EXISTED TO PLACE HIM UNDER ARREST FOR OPERATING A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL. SUCH FINDING BEING AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. GIVEN THE EVIDENCE PRESENTED AT THE HEARING, THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY FINDING THAT THE STATE HAD COMPLIED WITH THE REQUIREMENTS OF O.A.C. 3701.53 IN THE ADMINISTRATION OF THE BREATH TEST TO THE APPELLANT AS SAID FINDING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Any other facts relevant to our discussion of appellant's assignments of error shall be contained therein.
 II
Because we find appellant's second assignment of error to be dispositive of this appeal, we shall address said assignment first. In his second assignment of error, appellant contends the trial court erred in finding the State complied with OAC 3701-53-01 in the administration of appellant's breath test. We agree. Because appellant challenges the trial court's findings of fact, upon review, we must determine whether said findings of fact are against the manifest weight of the evidence. See: State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991),73 Ohio App.3d 486; State v. Guysinger (1993), 86 Ohio App.3d 592. Appellant maintains the trial court's finding of compliance by the State is against the manifest weight because the evidence establishes Trooper Cvetan failed to observe him for twenty minutes prior to administering the breath test in order to prevent the oral intake of any material by appellant. During his direct examination, Trooper Cvetan testified he initiated the stop of appellant's vehicle at 12:45 a.m. He noted he, appellant, and appellant's wife remained at the scene for maybe 15, 20 minutes. T. at 30. The trooper stated appellant submitted to the breath test at 1:20 a.m. Trooper Cvetan further testified he was with appellant during the entire 35 minutes between the initial stop and the administration of the breath test. On cross-examination, Attorney John Snider, counsel for appellant, questioned Trooper Cvetan in more detail about the sequence of the events. The dialogue follows: Q. * * * your testimony is that you actually got him pulled over sometime shortly after 12:45, right?
A. On or about, right.
Q. Now, after you got him stopped, and he must have stopped promptly?
A. Right. Yeah.
Q. * * * how long was it between the time you got your vehicle stopped, he got his vehicle stopped, until you got out of your car and said can I see your driver's license or registration or whatever it is, your verbiage to him occurred?
A. So, the time from when my vehicle was stopped to the time that I spoke to him first, is that what you're asking?
Q. Yes.
A. Maybe five seconds, not very long.
* * *
A. Uh, I took his license back to my vehicle and gave him [sic] his social security number so they would know who I was stopped with.
Q. All right. So, you left him at that point in time . . .
A. Right.
Q. To walk back to your car . . .
A. Correct.
Q. Okay. So, there was a lapse of time there, was there not, when you were not with Mr. Marinacci after you pulled him over?
A. Correct.
Q. How long was that?
A. Uh, maybe 20 seconds.
* * *
Q. You run (inaudible), you talk to him, you run the dexterity tests, you got a brief amount of time calling back to the post, what time did you place Mr. Marinacci under arrest?
A. Maybe 12:51, probably about 6 minutes after.
* * *
Q. What'd you do with him [after you put him under arrest]?
A. Uh, I just patted him down real quick and I had him sit in the rear cage portion of my vehicle.
* * *
Q. What did you do next?
A. I asked him what we were going to do about the vehicle. I asked him if his wife had been drinking. Uh, he indicated that she had. Um, I said that if she was all right to drive, I would let her drive the car so it didn't have to sit there. I went back and spoke to her. Um, I, I wasn't comfortable with her driving, was the end result, and I told her she wasn't going to drive. She kept insisting she wanted to drive, but I said that I just wasn't comfortable with that.
Q. So you went back up, I take Mrs. Marinacci was still in her vehicle?
A. Right.
Q. You went back up and talked to her there?
A. Right.
Q. Where was Mr. Marinacci when you went back up?
A. In the backseat of my vehicle.
Q. Okay. So, you weren't watching him at that stage of the game?
A. No, not all the time, no.
Q. Okay. Now, then you eventually brought Mrs. Marinacci back and put her in the passenger side of your vehicle?
A. Right.
Q. Did you have her lock up the Marinacci vehicle?
A. Right.
Q. All right. About what time was it, officer, when you put Mrs. Marinacci in the car with you?
A. Maybe 10 minutes after the stop, so maybe 12:55.
* * *
Q. And that's the time you left there to get to the patrol station, is that right?
A. Right.
* * *
Q. Now, how far is it from where you were at . . . to the post?
A. Three or four miles.
T. at 42-43, 60-61. (Emphasis added).
The aforementioned testimony reveals Trooper Cvetan had appellant out of his site on two occasions, contradicting his direct testimony. We find the time during which the trooper had appellant out of his sight to be more than de minimus. As such, the period between the initial stop and the departure from the scene cannot be included in the calculation of the observation period. The test commenced at 1:19 a.m. Pursuant to OAC3701-53-01, Trooper Cvetan's observation of appellant should have begun at 12:59 a.m. As stated supra, Trooper Cvetan testified he initiated the stop at 12:45 a.m. and remained at the scene for maybe fifteen, twenty minutes after the stop. Through this testimony, the trooper would have began his observation of appellant at the earliest 1:00 a.m., and at the latest, 1:05 a.m. Thus, Trooper Cvetan's observation of appellant prior to administration of the breath test was, at best, nineteen minutes, and at worst, fourteen minutes. At another point in his testimony, Trooper Cvetan stated he left for the station at maybe 12:55 a.m., which was twenty-four minutes prior to the test. The State had the burden of establishing compliance with the Ohio Health Department regulations. Upon our further review of this case, we now believe whether or not appellant chewed and swallowed gum is irrelevant because the State did not sufficiently establish appellant was observed for a minimum of twenty minutes prior to the test. The substantial compliance standard is not applicable to the instant situation. Here, the regulation presents a bright line rule — the subject is to be observed for twenty minutes prior to testing. Because the record fails to affirmatively establish Trooper Cvetan observed appellant for the requisite twenty minutes, the State has not demonstrated compliance with the regulations. Accordingly, we find the trial court erred in overruling appellant's motion to suppress. Appellant's second assignment of error is sustained.
 I
In light of our disposition of appellant's second assignment of error, appellant's first assignment of error is moot. The judgment of the Lancaster Municipal Court is reversed. The R.C. 4511.19(A)(3) charge is dismissed. By: Hoffman, J. and Edwards, J. concur. Gwin, P.J. dissents.
 _________________________ Hoffman, J.